# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No.  0410015936 |
| | ) | |
| | ) | |
| DALE J. BOWEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted:  December 10, 2014
Decided: January 8, 2015

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED.

Kevin Hudson, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Brian J. Chapman, Esquire, 1232 N. King Street, Suite 300, Wilmington, Delaware 19801, Attorney for Defendant Dale J. Bowen.

PARKER, Commissioner

This 8th day of January, 2015, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1. On October 13, 2005, a Superior Court jury found Defendant Dale Bowen guilty of Carjacking First Degree, Robbery First Degree, two counts of Possession of a Deadly Weapon During the Commission of a Felony, and Possession of a Deadly Weapon by a Person Prohibited.

2. On December 5, 2005, Defendant Bowen was sentenced as a habitual offender, pursuant to 11 *Del. C.* § 4214(a), to a total of 56 years at Level V, suspended after 54 years, for 2 years probation.

3. Defendant filed a direct appeal to the Delaware Supreme Court. On July 24, 2006, the Delaware Supreme Court affirmed the judgment of the Superior Court.[1]

4. The facts giving rise to the subject charges, as mainly set forth by the Delaware Supreme Court in its opinion on Defendant's direct appeal, are as follows: On October 14, 2005, at approximately 5:00 p.m., Bowen robbed Lauriece Aguirre while she was withdrawing money from an enclosed ATM at the College Square Shopping Center in Newark.[2] As the ATM dispensed the cash, Bowen grabbed Aguirre from behind with one arm and held a knife to her throat with the other. He demanded the cash and Aguirre's car keys. Bowen fled the scene in Aguirre's car. The police recovered the car approximately half an hour later and identified Bowen as a suspect shortly thereafter.[3]

5. In an audiotaped statement and at trial, Bowen admitted robbing Aguirre. Bowen denied that he used a knife when he robbed Aguirre, claiming instead that he used a

---

[1] *Bowen v. State,* 2006 WL 2073058 (Del.).
[2] *Bowen v. State,* 2006 WL 2073058, at *1 (Del.).
[3]*Bowen v. State,* 2006 WL 2073058, at *1 (Del.).

1

sharpened metal object rather than a knife. Bowen also denied the carjacking due to the proximity of the car to Aguirre. Aguirre, however, clearly testified that she saw a kitchen-style knife with a serrated blade.[4]

6.     The surveillance video of the ATM was obtained. Defendant admitted that he was the perpetrator on the surveillance video.[5] Defendant gave a recorded confession to the police that he had committed the robbery at issue.[6]

7.     Because Bowen refused to stipulate that he had a prior felony conviction, the State proffered a certified court record of his prior conviction to establish his prohibited status. The court admitted the certified court record. At trial, the State only referenced the crime from the conviction, Robbery in the Second Degree, and the date of the conviction.[7] Bowen neither objected nor requested a relevant limiting instruction.

8.     On direct appeal, Defendant claimed that the trial judge should have *sua sponte* issued a limiting instruction that the jury should only consider his 2002 conviction for Robbery Second Degree to establish that he was prohibited from possessing a deadly weapon and that the jury could not use evidence of his prior robbery conviction to support a general inference of bad character or a propensity to commit another crime.[8]

9.     On direct appeal, the Delaware Supreme Court concluded that, under the circumstances of this case, the potential for juror misunderstanding and misuse of the Bowen's prior robbery conviction was minimal.[9]

---

[4] *Bowen v. State,* 2006 WL 2073058, at *1 (Del.).
[5] October 13, 2005 Trial Transcript, at pgs. 71-72.
[6] October 13, 2005 Trial Transcript, at pgs. 47, 55-56, 79-80.
[7] October 13, 2005 Trial Transcript, at pgs. 49-50; *Bowen v. State,* 2006 WL 2073058, at *1 (Del.).
[8] *Bowen v. State,* 2006 WL 2073058, at *1-2 (Del.).
[9] *Bowen v. State,* 2006 WL 2073058, at *1-2 (Del.).

10.     The Delaware Supreme Court concluded that the trial record disclosed no evidence of unfair prejudice or that the jury used the fact of Bowen's prior robbery conviction in an impermissible way.[10]   The Delaware Supreme Court held that the absence of a limiting instruction concerning Bowen's prior conviction was not unduly prejudicial and did not measurably affect the outcome of the trial.[11]

11.     The Delaware Supreme Court recognized that the State introduced only the date and nature of Bowen's prior conviction for the limited and specific purpose of establishing a statutory element of a charged offense.[12]   The Delaware Supreme Court recognized that the potential for any juror misuse of this evidence was minimal.[13]

12.     The Delaware Supreme Court also recognized that a reasonable jury, under the circumstances of this case, could have convicted Bowen without relying on an impermissible character inference.[14]   Bowen did, in fact, admit to having robbed Aguirre. His contention at trial as to the carjacking charge was based only on the proximity of the car to Aguirre.   He also contested at trial that when he robbed Aguirre he used some other metal, sharp looking object, rather than a knife.[15]

**DEFENDANT'S RULE 61 MOTION**

13.     On March 19, 2013, Defendant filed a *pro se* motion for postconviction relief. Thereafter, Defendant was assigned counsel and an Amended Motion for Postconviction Relief was filed on October 25, 2013.   In the subject motion, as amended by Rule 61

---

[10] *Bowen v. State,* 2006 WL 2073058, at *2 (Del.).
[11] *Bowen v. State,* 2006 WL 2073058, at *1-2 (Del.).
[12] *Bowen v. State,* 2006 WL 2073058, at *2 (Del.); See also, October 13, 2005 Trial Transcript, at pgs. 49-50.
[13] *Bowen v. State,* 2006 WL 2073058, at *1-2 (Del.).
[14] *Bowen v. State,* 2006 WL 2073058, at *2 (Del.).
[15] *Bowen v. State,* 2006 WL 2073058, at *1-2 (Del.).

counsel, Defendant claims that trial counsel was ineffective for failing to request a limiting instruction regarding Defendant's previous felony conviction.

14. Before making a recommendation, the Commissioner enlarged the record by directing Defendant's trial counsel to submit an Affidavit responding to Defendant's ineffective assistance of counsel claim. Thereafter, the State filed a response to the motion. Defendant was also given an opportunity to file a reply thereto.[16]

15. Prior to addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61.[17] In order to protect the procedural integrity of Delaware's rules, the court will not consider the merits of a post conviction claim that fails any of Rule 61's procedural requirements.[18]

16. Rule 61 (i) imposes the procedural imperative that the postconviction motion must be filed within one year of the final order of conviction.[19]

17. In the subject case, Defendant's claim is procedurally barred because Defendant filed this motion more than one year after his final order of conviction. Defendant raises nothing new or recently discovered. Indeed, the issue that he raises in his subject motion, the failure of the court to give a limiting instruction regarding his previous felony conviction, was also raised on direct appeal, which was decided by the Delaware Supreme Court in 2006. Defendant's final order of conviction was in 2006, and this motion was filed in March 2013, over 6 years later. This motion was filed outside the applicable one year limit. Defendant's claim, at this late date, is time-barred.

---

[16] Super.Ct.Crim.R. 61(g)(1) and (2).
[17] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[18] *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[19] If a final order of conviction occurred on or after July 1, 2005, the motion must be filed within one year. See, Super.Ct.Crim.R. 61(i)(1)(July 1, 2005).

18. In addition to being time-barred, to the extent that Defendant has recouched and restated the issue he raised on direct appeal, Rule 61(i)(4) would preclude the court's consideration of the claim. The claim, the effect of the failure to give a limiting instruction, was already raised and adjudicated in some fashion on Defendant's direct appeal. On direct appeal, Defendant claimed that the trial court erred in failing to *sua sponte* give a limiting instruction as to Defendant's previous felony conviction. Here, Defendant claims that his counsel was ineffective for failing to request a limiting instruction. The Delaware Supreme Court already held on Defendant's direct appeal that the absence of a limiting instruction concerning Defendant's prior conviction was not unduly prejudicial and did not measurably affect the outcome of the trial.[20]

19. The court is not required to re-examine claims that already received substantive resolution on direct appeal simply because the claim has now been refined, restated and recouched as an ineffective assistance of counsel claim.[21]

20. At this late date, Defendant's claim is procedurally barred. It is also without merit.

21. Defendant, in his Rule 61 motion, claims that his trial counsel was ineffective for not requesting a limiting instruction as to his prior felony conviction. Defendant claims that his trial counsel should have requested a limiting instruction that Defendant's prior conviction for Robbery in the Second Degree could only be considered for the purpose of establishing that Defendant was prohibited from possessing a deadly weapon and that the jury could not infer that Defendant was a person of bad character and more likely to commit another offense of Robbery as he was currently charged.

---

[20] *Bowen,* 2006 WL 2073058, at *2.
[21] *Johnson v. State,* 1992 WL 183069, at *1 (Del.); *Duhadaway v. State,* 877 A.2d 52 (Del. 2005).

22. To prevail on an ineffective assistance of counsel claim, the defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[22] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires him to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[23]

23. Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[24] An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[25]

24. When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong.[26]

25. In the subject case, the court does not have to determine whether the first prong of the *Strickland* test has been met because Defendant cannot meet the second prong of the test. Irrespective of whether or not trial counsel was deficient for failing to request a limiting instruction as to Defendant's prior felony conviction, under the facts of this case, Defendant cannot establish that he was prejudiced as a result thereof.

---

[22] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[23] *Id.* at 687-88, 694.
[24] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[25] *Strickland v. Washington,* 466 U.S. 668, 691 (1984).
[26] *Strickland,* 466 U.S. at 697.

6

26.     As to the first prong of the *Strickland* test, deficient performance, Defendant's trial counsel, in his Affidavit in response to Defendant's Rule 61 motion, represented that given the time delay in bringing this Rule 61 claim, counsel's file has been destroyed in accordance with the Public Defender Office's records retention policy. Counsel represented that, if he did not request a limiting instruction, it was likely a tactical decision to limit the references at trial to Defendant's prior robbery record.[27]

27.     Either trial counsel's failure to request a limiting instruction was a tactical decision or it was an oversight. If it was a tactical decision, the first prong of the *Strickland* test, deficient conduct, would not be established. Indeed, defense counsel must be given wide latitude in making tactical decisions. Great weight and deference are given to tactical decisions by trial counsel. There is a strong presumption that trial counsel's conduct constituted sound trial strategy.[28] If, however, counsel's failure to request a limiting instruction was due to an oversight, then the first prong of the *Strickland* test would probably be met.[29]

28.     Irrespective of whether or not trial counsel was deficient for failing to request a limiting instruction as to Defendant's prior felony conviction, under the facts of this case, Defendant cannot establish that he was prejudiced as a result thereof. If trial counsel's deficiency in failing to request to a limiting instruction did not prejudice Defendant, a claim of ineffective assistance of counsel has not been met.[30]

---

[27] Affidavit of Trial Counsel in response to Defendant's Rule 61 motion, at ¶¶ 2, 5.
[28] *Strickland v. Washington,* 466 U.S. 668, 689 (1984); *Harrington v. Richter,* 131 S.Ct. 770, 787-789 (2011).
[29] See, *Bowen v. State,* 2006 WL 2073058, at *1-2 (Del.), discussing *Weber v. State,* 547 A.2d 948 (Del. 1988) and *Williams v. State,* 796 A.2d 1281 (Del. 2002).
[30] See, *Purnell v. State,* 2014 WL 6999040, at *7 (Del.).

29.     To show prejudice, the defendant must demonstrate a reasonable probability that, but for counsel's deficient performance, the jury would have decided the outcome differently.[31]

30.     In this case, Defendant cannot demonstrate a reasonable probability that, but for counsel's deficient performance, the jury would have decided the outcome differently. To establish a "reasonable probability", the Defendant must establish a probability sufficient to undermine confidence in the outcome. It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding.[32]

31.     Here, the Delaware Supreme Court has already held that the absence of a limiting instruction concerning Bowen's prior conviction was not unduly prejudicial and did not measurably affect the outcome of the trial.[33] The Delaware Supreme Court held that the subject record disclosed no evidence of unfair prejudice or that the jury used the fact of Bowen's prior robbery conviction in an impermissible way. The Delaware Supreme Court held that the potential for juror misunderstanding and misuse of Defendant's prior felony conviction was minimal.[34]

32.     Defendant, in fact, admitted that he committed the robbery at trial and in a recorded statement prior to trial. Defendant's contention at trial was that he used a sharp looking metal object rather than a knife when he committed the robbery. He also contended that he could not be found guilty of carjacking as a matter of law because of the victim's proximity to her vehicle. It was not disputed that Defendant robbed the victim and took her vehicle. As the Delaware Supreme Court recognized, the record

---

[31] *Purnell v. State,* 2014 WL 6999040, at *7 (Del.).
[32] *Purnell v. State,* 2014 WL 6999040, at *7 (Del.).
[33] *Bowen,* 2006 WL 2073058, at *1-2.
[34] *Bowen,* 2006 WL 2073058, at *1-2.

8

showed that a reasonable jury could have convicted Defendant without relying on any impermissible character reference.[35]

33.     In light of the minimal impact that the failure to give a limiting instruction had on the outcome of the trial,  Defendant failed to satisfy the second prong of the *Strickland* test and Defendant's claim must fail.


For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be denied.

**IT IS SO RECOMMENDED.**


_____/s/_____
Commissioner Lynne M. Parker


oc:     Prothonotary
cc:     Raymond M. Radulski, Esquire

---

[35]See, *Bowen,*  2006 WL 2073058, at *2.